UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DUANE A. MCGORMAN,

        Plaintiff,

v.                                    Case No. 2:17-cv-70
                                        HON.  JANET T. NEFF

IRON RIVER HOUSING COMMISSION,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

On April 11, 2017, Plaintiff Duane A. McGorman, a non-prisoner *pro se* litigant, filed a "Notice of Intent to File Complaint."  (ECF No. 1.)  The case was referred to the undersigned pursuant to 28 U.S.C. § 636 and W.D. Mich. LCivR 72.  Plaintiff was subsequently granted leave to proceed *in forma pauperis*.  For the reasons stated below, the undersigned now recommends that the complaint be dismissed under 28 U.S.C. § 1915(e).

Under 28 U.S.C. 1915(e)(2)(B)(ii), the court must dismiss any action brought *in forma pauperis* if the complaint fails to state a claim on which relief may be granted.  A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, Plaintiff has failed to state a claim on which relief can be granted.  First, Plaintiff did not file a proper pleading in this Court.  Plaintiff filed a document titled "Notice of Intent to File Complaint."  Pursuant to Federal Rules of Civil Procedure 7(a), a notice of intent to file a complaint is not a permitted pleading.

Second, even construing Plaintiff's filing as a "complaint," Plaintiff has failed to set forth a short and plain statement of his claims as required by Federal Rule of Civil Procedure 8(a).  Plaintiff alleges that Iron River Housing Commission caused him emotional distress and committed hate crimes against him.  Plaintiff further alleges that the Commission raped and attempted to murder him.  Plaintiff mentions RICO, "National Defense Laws," and "Home Land Security Laws."  Plaintiff also attached an exhibit of what appears to be a playlist of musical songs.  Based on these incoherent statements, the undersigned finds that Plaintiff has failed to state a claim.  Plaintiff did not allege any facts that would support his so called claims of emotional distress, hate crimes, rape and attempted murder.  Moreover, it is unclear what

relationship exists between Plaintiff and the Iron River Housing Commission actually is. Similarly, it is unclear what any of the songs have to do with his claims.

Accordingly, the undersigned recommends that the complaint be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief can be granted.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  April 18, 2017

    /s/ Timothy P. Greeley              
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE